**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION**

| | |
|---|---|
| David D. Stanfield, ) | |
| ) | |
| Plaintiff, ) | C.A. No.: 2:14-cv-00839-PMD |
| ) | |
| v. ) | **ORDER** |
| ) | |
| Jarrel Wigger; Angelica Hattaway; Gina ) | |
| Reeves; Thomas L. Hughston, Jr.; and ) | |
| Kristi L. Harrington, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

This matter is before the Court on the Report and Recommendation ("R&R") of the Magistrate Judge (ECF No. 14). Following pre-service review pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civ. Rule 73.02(B)(2)(e) (D.S.C.), the Magistrate Judge issued the R&R, recommending that this Court summarily dismiss, without prejudice, Plaintiff David D. Stanfield's ("Plaintiff") Amended Complaint (ECF No. 6) and deny Plaintiff's Motion for Preliminary Injunction and Emergency TRO (ECF No. 7). Plaintiff timely filed Objections to the R&R (ECF No. 19). The Court has carefully reviewed and considered the entire record, including Plaintiff's Objections, and finds that the Magistrate Judge fairly and accurately summarized the relevant facts and applied the correct principles of law. Accordingly, the Court hereby adopts the Magistrate Judge's R&R and incorporates it into this Order.[1]  Further, for the reasons detailed below, the Court declines to grant Plaintiff leave to amend his Amended Complaint.

---

1. On May 12, 2014, the same day that the Magistrate Judge issued the R&R, Defendants Kristi L. Harrington and Thomas L. Hughston, Jr. (collectively "Judicial Defendants") filed a Motion to Dismiss (ECF No. 10) pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Because the Court hereby adopts the R&R and dismisses Plaintiff's Amended Complaint, the Court need not separately address the Judicial Defendants' Motion to Dismiss.

**STANDARD OF REVIEW**

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). Parties are allowed to make a written objection to the Magistrate Judge's proposed findings and recommendations within fourteen days after being served a copy of the R&R. 28 U.S.C. § 636(b)(1). This Court is charged with conducting a de novo review of any portion of the R&R to which a specific objection is registered, and the Court may accept, reject, or modify the R&R's findings and recommendations in whole or in part. *Id.* Additionally, the Court may receive additional evidence or recommit the matter to the Magistrate Judge with instructions. *Id.* A party's failure to object is accepted as an agreement with the conclusions of the Magistrate Judge. *See Thomas v. Arn*, 474 U.S. 140 (1985). In the absence of a timely filed, specific objection—or as to those portions of the R&R to which no specific objection is made—this Court "must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee note).

**DISCUSSION**[2]

**I.    R&R**

As an initial matter, the Court notes that it has taken great strides to liberally construe the often-contradictory, if not incomprehensible, arguments and assertions both in Plaintiff's Amended Complaint and in his Objections to the Magistrate Judge's R&R. *Compare, e.g.*, Pl.'s

---

2.  The Magistrate Judge's R&R sets forth in sufficient detail the relevant facts of this case, including citations to the record. Because Plaintiff did not object to the Magistrate Judge's factual recitation and because the Court finds that the Magistrate Judge's factual recitation accurately reflects the record, the Court adopts the Magistrate Judge's proposed findings and summary of the relevant facts for purposes of this Order. Thus, the Court sees no need to repeat or restate the relevant facts and procedural history of this case.

Objections 1, ¶ 1 ("THIS IS AN INDEPENDENT ACTION *attacking the validity of a prior judg[]ment*, an equitable proceeding." (emphasis added)), *with id.* at 3, ¶ 12 ("In this Independent action the *Plaintiff is not contesting the validity of the State judg[]ments . . . .*" (emphasis added)). Nevertheless, the Court cannot ignore a clear failure to allege facts that set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990). Stated simply, after conducting a de novo review of those portions of the Magistrate Judge's R&R to which Plaintiff lodged specific objections, the Court finds no basis to reject, modify, or set aside the R&R's findings and recommendations either in whole or in part. In his Objections, aside from referencing, restating, and relying upon the allegations in his Original and Amended Complaints, Plaintiff primarily attempts to emphasize the independent and equitable nature of the present action. However, for the various reasons set forth in the R&R, and explained in great detail by the Magistrate Judge, Plaintiff's arguments in this regard are unavailing. Therefore, having reviewed the record, including Plaintiff's Objections, de novo, the Court concludes that the Magistrate Judge fairly summarized the relevant facts, extensively outlined the corresponding principles of law, and correctly applied those principles to the facts at hand. Accordingly, the Court accepts and adopts the Magistrate Judge's thorough and well-reasoned R&R and fully incorporates it into this Order.

## II.     Motion to Amend

On May 22, 2014, the day after he filed his Objections to the R&R, Plaintiff filed a document styled as "Plaintiff's Second Amendment to Complaint." (ECF No. 21). Plaintiff has already amended his Original Complaint and all Parties have responded, either by way of an Answer or Motion to Dismiss. Thus, Plaintiff may file his Second Amendment to Complaint only with Defendants' written consent or the Court's leave. Fed. R. Civ. P. 15(a)(1), (2).

Because Defendants oppose Plaintiff's proffered amendment, the Court will construe Plaintiff's Second Amendment to Complaint as a Motion to Amend his Amended Complaint ("Motion to Amend").

The amendment of pleadings is governed by Rule 15 of the Federal Rules of Civil Procedure. Where, as here, a party seeks to amend his complaint more than once as a matter of course, Rule 15(a)(2) permits amendment only with the defendant's written consent or the court's leave. However, Rule 15(a)'s "permissive standard" provides that such leave should be freely given by the court "when justice so requires." *Ohio Valley Envtl. Coal., Inc. v. Hernshaw Partners, LLC*, 984 F. Supp. 2d 589, 592 (S.D.W. Va. 2013) (quoting Fed. R. Civ. P. 15(a)(2)). "This liberal rule gives effect to the federal policy in favor of resolving cases on their merits instead of disposing of them on technicalities." *Laber v. Harvey*, 438 F.3d 404, 426 (4th Cir. 2006) (en banc); *see Conley v. Gibson*, 355 U.S. 41, 48 (1957). Upholding the letter and the spirit of this rule, "leave to amend a pleading should be denied *only when* the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile." *Edwards v. City of Goldsboro*, 178 F.3d 231, 242 (4th Cir. 1999) (quoting *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 509 (4th Cir. 1986)); *see Equal Rights Ctr. v. Niles Bolton Assocs.*, 602 F.3d 597, 603 (4th Cir. 2010). The grant or denial of a motion for leave to amend a pleading is committed to the sound discretion of the trial court. *See Foman v. Davis*, 371 U.S. 178, 182 (1962); *Equal Rights Ctr.*, 602 F.3d at 603.

Notwithstanding Rule 15(a)'s permissive standard, as well as the liberal-construction requirement for *pro se* pleadings, the Court concludes that granting Plaintiff leave to amend his Amended Complaint is not appropriate under the circumstances. Having carefully reviewed Plaintiff's proffered amendment, the Court denies Plaintiff's Motion to Amend on the basis of

4

futility. For leave to amend to be denied for futility, the amendment must be "clearly insufficient or frivolous on its face." *Johnson*, 785 F.2d at 510. "Futility is apparent if the proposed amended complaint fails to state a claim under the applicable rules and accompanying standards: '[A] district court may deny leave if amending the complaint would be futile—that is, if the proposed amended complaint fails to satisfy the requirements of the federal rules.'" *Katyle v. Penn Nat'l Gaming, Inc.*, 637 F.3d 462, 471 (4th Cir. 2011) (alteration in original) (quoting *United States ex rel. Wilson v. Kellogg Brown & Root, Inc.*, 525 F.3d 370, 376 (4th Cir. 2008)). Therefore, the futility analysis under Rule 15(a) necessarily requires a preliminary assessment of the allegations of the proposed amendment in light of the substantive law on which the additional claim is based. *Rambus, Inc. v. Infineon Techs., AG*, 304 F. Supp. 2d 812, 819 (E.D. Va. 2004).

Based on a review of Plaintiff's filing, which this Court has construed as a Motion to Amend, it appears that Plaintiff's proffered amendment is effectively the same as his Amended Complaint and nearly identical to his Objections to the R&R. Thus, in the present case, both the undersigned and the Magistrate Judge have had the occasion to perform the requisite preliminary assessment of the allegations of Plaintiff's proposed amendment. In his Motion to Amend, Plaintiff primarily attempts to "clarify[] the intent of this action for the [C]ourt[']s evaluation of [s]tanding purposes," by narrowing his requested remedies, omitting his previous prayer for injunctive relief and seeking only declaratory relief with regard to the Judicial Defendants.[3] (Pl.'s Mot. to Amend 1). However, the Magistrate Judge's R&R, which this Court adopts, expressly states that "summary dismissal of Plaintiff's claims against [the Judicial Defendants] for declaratory relief is appropriate in this case." (R&R 12). Accordingly, even under the less

---

3. Although Plaintiff asks the Court to "find Defendants guilty under the 14th amendment due process regulation as well as 18 U.S.C. § 371 and render Judg[]ments to Plaintiff from Defendants Wigger, Hattaway[,] and Reeves equal to those granted by the State court to create an equitable balance," (Pl.'s Mot. to Amend 3), this too is substantially similar to the relief requested in Plaintiff's Amended Complaint and addressed by the Magistrate Judge in the R&R.

5

stringent standard governing *pro se* parties and their pleadings, Plaintiff's proposed amendment is "clearly insufficient [and] frivolous on its face." *Johnson*, 785 F.2d at 510.[4] Therefore, the Court denies Plaintiff's Motion to Amend.

## CONCLUSION

For the foregoing reasons, the Court **ADOPTS** the Magistrate Judge's R&R. Accordingly, it is **ORDERED** that Plaintiff's Amended Complaint is **DISMISSED**. It is **THEREFORE ORDERED** that Plaintiff's Motion for Preliminary Injunction and Emergency TRO is **DENIED**. It is **FURTHER ORDERED** that Plaintiff's Motion to Amend is **DENIED**.

AND IT IS SO ORDERED.

PATRICK MICHAEL DUFFY
United States District Judge

**January 5, 2015**
**Charleston, South Carolina**

---

4. Because the Court concludes that Plaintiff's Motion to Amend should be, and is, denied on the basis of futility, the Court need not discuss whether the requested amendment would be prejudicial to Defendants or whether there has been bad faith on the part of Plaintiff. However, the Court nevertheless notes that granting leave to amend would severely prejudice Defendants.

6